## Fordson Coal Company v. Marcum, et al.

(Decided January 16, 1925.)

### Appeal from Leslie Circuit Court.

1. **Injunction—Right to Enjoin Trespass on Land Depends on Whether Plaintiff has Title.**—Right to enjoin trespasses on land depends on whether plaintiff has title thereto, though defendants have no title.

2. **Public Lands—Patent Held Not Incapable of Location when Calling for Lines of Another Patent.**—Though only corners called for, other than stakes, were trees, none of which was standing, and witnesses had not seen trees marked as line trees, and did not know exact location of any corner or line from reputation or any

evidence on land, patent held not obliterated patent, incapable of location, in view of still older patent, lines of which were called for by such senior patent.

3. Injunction—Proof of After-Acquired Title Under Superior Patent Held Not Responsive to Pleadings.—Where plaintiff, in suit to enjoin trespasses on land, never amended petition, based on alleged ownership of entire fee, derived, as shown by proof, from inferior patents, proof of after-acquired adverse title to undivided interest in land under superior patent was not responsive to pleadings.

4. Adverse Possession—Continuous Adverse Possession to Well-Defined Boundary or Under Color of Title for Statutory Period Necessary.—Continuous adverse possession of land to well-defined boundary or under color of title for statutory period is necessary to establish title by adverse possession.

5. Champerty and Maintenance—Deeds from Heirs of Patentee's Grantee Held Champertous.—Where defendants had actual possession of part of land under color of title to all from heirs of patentee, and patentee, though he had conveyed land, claimed title, and everybody, including grantee's heirs, believed that he died owner of patent, deeds to plaintiff from some of grantee's heirs were champertous.

CLEON K. CALVERT, C. B. LONGLEY and W. R. MIDDLETON for appellant.

L. D. LEWIS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

By this action appellant sought to enjoin alleged trespasses by appellees upon certain land in which it claimed the fee. That it has title to the land under three grants, hereinafter called the McCullom patents, unless it is covered by an older patent known in the record as the Pharis Roberts 50-acre patent, is admitted, as is also the fact that appellees have no title unless by adverse possession. That they have not proved any such title is, we think, too clearly established to admit of argument, and, as their counsel practically concedes this to be true, we shall not further discuss that question.

But as appellant's possession of the land in controversy, as well as its right to the relief sought, depends upon whether it has title thereto, it becomes necessary to determine whether or not this older patent covers the land in controversy, and if so whether appellant owns an undivided interest therein, acquired since the filing of this action, that entitled it to the relief sought, which was denied by the chancellor.

This Pharis Roberts patent was issued in 1826, and the only corners called for therein other than stakes are trees, none of which is now standing. No witness ever saw any of these trees or any tree marked as a line tree, nor does any witness pretend to know the exact location of any corner or line of this patent from any evidence on the land, or from reputation as to its location. As a consequence it is urgently insisted for appellant that this is an obliterated patent, incapable of location. But to this we cannot agree. This patent calls for three lines of an older patent known locally as the Jesse Roberts patent, and is capable of being located therefrom, just as was attempted by the surveyors Bowling, Culton and Roberts by beginning at a known corner thereof and locating such of its lines as are necessary to locate the three lines for which the Pharis Roberts patent calls, and which are described identically by both patents. Running the rest of the called-for lines in the Pharis Roberts patent according to its called-for courses and distances shows that it covers the land here in dispute, without reference to which of these three surveyors correctly located it, but of these locations we are convinced that of the surveyor Roberts is the correct one.

That appellant recognizes this as true is strongly indicated by its purchase of several undivided interests in this patent, during the pendency of this action, from the parties it conceived to be the owners thereof. We are therefore clearly of the opinion it was not entitled to the relief sought under the McCullom patents, and upon which its right thereto depended when the action was begun.

Coming now to our second question, a somewhat more difficult proposition is encountered because of the state of the pleadings. Appellant never amended its petition, which is based upon the alleged ownership of the entire fee, but, as shown by its proof, its then claimed title was derived from the McCullom patents, which are inferior to the Pharis Roberts patent. As a consequence, proof of an after-acquired adverse title to an undivided interest in the land under that patent was clearly not responsive to the pleadings, but there was neither objection nor exception to the introduction of any of this proof, and we take it all parties elected to try plaintiff's title and right of recovery upon all of the proof and at the time of submission rather than when the action was instituted.

While appellees failed in their effort to show continuous adverse possession of the land to a well-defined boundary or under color of title for the statutory period and therefore did not prove title by adverse possession, they did prove actual possession of a part of the land covered by the Pharis Roberts patent under color of title to all of it from his heirs for about two years prior to the institution of this action and throughout its pendency. They were therefore in possession under color of title of all of the land covered by the patent. And while it developed, after plaintiff had proven title under its patents junior to the Pharis Roberts patent and defendants had attempted to show title through him, that he had conveyed same in 1829 to his brother, Swinfield Roberts, the proof indicates that for some time before, and at the death of the former, he rather than the latter claimed title thereto, and that since his death and until the existence of this old deed was discovered in the preparation of this action for trial, everybody, including the heirs of Swinfield Roberts and the parties to this action, believed that Pharis Roberts died the owner of this patent.

It results therefore that when appellant, during the pendency of the action, acquired from some of the heirs of Swinfield Roberts their supposed undivided interests in this patent, it was not only doubtful whether they ever owned any interest therein, but clear that their deeds to appellant were champertous for the reason that appellees were in possession and claiming same adversely under color of title from the heirs of Pharis Roberts.

We are therefore of the opinion that plaintiff failed to manifest a right to the relief sought, either by reason of its ownership of the McCullom patents and upon which the action was instituted, or because of its after-acquired deeds from some of the heirs of Swinfield Roberts.

Wherefore the judgment is affirmed.